# George Darling v. Charles Tegler.

*Delivery: Acceptance: Replevin: Demand.* Where parties have entered into an oral agreement for the sale of lumber to an amount within the statute of frauds, and the vendor, having placed the lumber on the vendee's premises, insists that the latter shall take it at his inspection, and the vendee declines to accept it except on a different inspection, the vendor is not entitled to bring replevin for the lumber until after a refusal by the vendee on reasonable demand to permit him to remove it; the property having been voluntarily put on the vendee's premises by the vendor's procurement and consent, the former cannot be made a wrong-doer in regard to it by simply permitting it to remain there.

*Replevin: Possession: Demand.* Where demand is necessary before bringing replevin, a demand made by the officer after the issuing of the writ and while he has it in his possession ready for service, is insufficient under our statutes, which expressly require an affidavit to be made after the cause of action has accrued.

*Replevin: Special interest: Demand: Judgment: Damages.* Where the proofs in replevin show clearly and without contradiction that the defendant, if in possession, was a possessor without any valuable interest in the property, but yet require judgment in his favor for want of a proper demand, he can recover, under our statute (*Comp. L.*, §§ 6754, 6759), no damages beyond his special interest, which would be merely nominal; and a judgment for damages for the full value of the property is erroneous.

*Submitted on briefs July 7.    Decided July 21.*

Error to Wayne Circuit.

*J. G. Dickinson* and *F. H. Canfield,* for plaintiff in error.

*B. T. Prentis,* for defendant in error.

CAMPBELL, J.

Darling brought replevin for certain lumber, against Tegler, and upon the trial he gave such testimony as he saw fit to rest upon. Defendant below introduced no testimony, and the court directed the jury to find for the defendant. And as he verbally waived a return before the case went to the jury, the court ordered judgment for the full value of the property, agreed to be nine hundred and seven dollars and sixty-nine cents. No waiver of return appears in the record proper.

Two grounds of reversal are relied upon: *first*, that there was a sufficient demand before replevying (the want of which seems to have been the ground of the judgment); and, *second*, excessive damages. In order to understand the bearing of these points, a brief reference is necessary to the leading facts.

Plaintiff owned certain lumber, which was inspected and the qualities ascertained by an inspector whom he employed. A verbal bargain was made, which, according to his showing, was substantially as follows:

Defendant agreed to purchase a certain quantity, to be delivered on premises designated, and to be taken at the existing inspection. After the lumber had been transferred to the place appointed, defendant refused to take it except on a different inspection, whereby it was rated at poorer qualities, and therefore at a cheaper rate, and told plaintiff he might settle on that inspection, or come and take the lumber away.

In the absence of other proofs it seems clear that there never was any acceptance by defendant on the plaintiff's terms, and the amount of lumber was too large to make a verbal sale valid without part payment or acceptance. But as the property was voluntarily put on defendant's premises by plaintiff's procurement and consent, defendant could not be made a wrong-doer in regard to it without a refusal to let it go, on reasonable demand.

No demand was made before the writ of replevin was sued out, and the affidavit made. The officer holding the writ then made a demand of the lumber. Defendant pointed it out, but refused to deliver it up, and the officer thereupon replevied it. As he made but one demand, and as that was made while he had the writ in possession and ready for service, we think such demand cannot be regarded as sufficient to justify the action. Whatever may be the case under different systems of practice, our statutes expressly require an affidavit to be made after the cause of action has accrued. The writ cannot issue, nor the affidavit be

made, unless where the plaintiff has become entitled to the possession, and the defendant is guilty of an unlawful detention.—*Comp. L.*, §§ *6726, 6732.* And in this case nothing but a refusal to comply with a proper demand.could make the detention unlawful. It is questionable whether, upon all the facts sworn to, a jury would have found there was any refusal at all, inasmuch as defendant seems to have aided the sheriff in finding the lumber, and could not be expected to take any active part in moving it. But it is not in proof that there was ever any such demand as created a cause of action. The court was right in holding plaintiff could not recover.

But the plaintiff's uncontradicted proofs showed that the defendant, if in possession, was a possessor without any valuable interest in the property. Having introduced no testimony to change the facts, and having shown no further rights, the defendant could recover no damages beyond his special interest; and, as the proofs stood, that was at the utmost merely nominal. The case is in this respect precisely like that of *Weber v. Henry, 16 Mich. R., 399,* and is governed by *sections 6754* and *6759, C. L.,* which limit the judgment to the just rights of the parties.

For the reason that there is no foundation in the proofs or record for any damages, so much of the judgment as gives damages to defendant must be reversed, with costs of this court, and as to all other matters, the judgment must be affirmed.

The other Justices concurred.