## Anson Deyoe and another v. E. W. Jamison.

*Replevin: Judgment: Right of possession.* A judgment in replevin determines. only the right of possession at the time, and is not inconsistent with the right of the party defeated to recover back possession afterwards under a change of circumstances.

*Contracts of sale: Forfeiture: Waiver.* One who has contracted to purchase personal property on credit, the title to remain in the vendor till payment, does not forfeit his rights by mere neglect to pay by the day named; and the vendor may waive his right to a forfeiture for prior neglect to pay, by seeking afterwards to collect the balance due.

*Replevin: Joint defendants.* There was sufficient evidence connecting the two plaintiffs in error in this case with the detention to warrant their being joined as defendants.

*Heard October 29. Decided November 2.*

Error to Allegan Circuit.

This was an action of replevin brought by Jamison against Deyoe and Silas Stafford and wife, for an organ. Deyoe had contracted in writing to sell and deliver the organ to

Jamison for two hundred and forty dollars, the title to be retained by the vendor until performance. Jamison paid all but thirty dollars and interest, which was represented by his note for that sum given to Deyoe, and then sold and delivered the organ to one Delano. After default in payment Deyoe brought replevin against Delano, got possession of the instrument and recovered judgment. Jamison, having acquired Delano's rights, thereupon tendered to Deyoe the amount of the note and interest, and demanded the organ. Deyoe referred him to Stafford. Jamison called at Stafford's, but found him absent. He, however, saw Mrs. Stafford, who then had possession of the organ, and tendered her the money to pay the note, but she refused to accept it, stating that the organ was Deyoe's. Afterwards tender was also made to Stafford, and refused. Thereupon Jamison sued out this writ of replevin, but was unable to get possession of the property. On the trial it was made to appear that pending the replevin suit against Delano, Deyoe had sold and delivered the organ to Mrs. Stafford, and that Mr. Stafford had no connection with the matter. The jury found a verdict in favor of Mr. Stafford, but found against the other defendants, and assessed the value of the property at two hundred dollars, and the damages for the detention at five dollars, and judgment was rendered accordingly. The defendants, Deyoe and Mrs. Stafford, bring error.

*Silas Stafford, Fenn & Hart* and *F. J. Littlejohn,* for plaintiffs in error.

*Jacob V. Rogers,* for defendant in error.

PER CURIAM:

This case is covered by the previous decisions of this court. The first replevin suit only determined the right of Deyoe to the possession of the organ at that time, and was not inconsistent with the right of Delano or Jamison to recover possession when the remainder of the purchase price

was paid or tendered. This right was not one which would be forfeited by mere neglect to pay by the day named. And if Deyoe could have a right to terminate it in that event, there was evidence from which the jury might infer, as they did, that he had waived it by seeking to collect the balance afterwards. On the main point in the case reference is made to *Preston v. Whitney*, 23 *Mich.*, 260; *Johnston v. Whittemore*, 27 *Mich.*, 463; *Giddey v. Altman*, 27 *Mich.*, 209. There was sufficient evidence connecting the two plaintiffs in error with the detention, to warrant their being joined as defendants.

The judgment is affirmed, with costs.