THE WHEELER & WILSON MANUFACTURING COMPANY VS. TEETZLAFF.

*October 4 — October 18, 1881.*

CONDITIONAL SALE OF CHATTEL: VENDOR'S OPTION: REPLEVIN. *(1:1) When demand required. (1: 2, 3) Demand from vendee's wife insufficient. (2, 3) When replevin will lie. By what act commenced in justice's court.*

REPLEVIN: ANSWER: DEMAND. *(4) General denial in answer does not relieve plaintiff from proving demand.*

REVERSAL OF JUDGMENT: *(5) For defect therein.*

1. A. delivered to B. a sewing machine under a contract for the sale thereof, by which title was not to pass to B. until full payment was made in specified installments, and on default of any payment A. was to be at liberty to take the machine away, *at his option. Held,*

(1) That A., on default in a payment, could not replevy the machine from B.'s possession without demand, or notice of his option, and refusal by B. to surrender it; especially when it had been suffered to remain in B.'s possession for several months after the default, plaintiff claiming meanwhile that the payment was due.

(2) That the possession of the machine by B.'s wife, living with him as such, was B.'s possession.

(3) That, in the absence of any proof that B. was keeping out of the way to avoid notice and demand, a demand upon his wife, and her refusal to surrender the machine and claim that it belonged to B., were not a demand upon and refusal and claim by B., unless she was especially authorized to act for him in that behalf; and the mere fact that she had made all the previous payments is not sufficient to establish such agency.

2. To maintain replevin, plaintiff must have had the right of possession at the commencement of the action; and where such action is in justice's court, the *filing of the affidavit* (which stands for the complaint), and the delivery of a warrant thereon by the justice to an officer or other person with intent to have it served, is the commencement of the action. R. S. secs. 3731, 3733, 3739, 3742.

3. In replevin for a *sewing machine*, it appears that at the time of filing his affidavit for a warrant, plaintiff was in possession of the "head" of the machine, i. e., of the whole machine except the *stand* upon which the apparatus for sewing was placed, though he returned the "head" to defendant's possession before the warrant was served. *Held,* that the action would not lie.

4. A general denial by the defendant in replevin, even if followed by a special averment of title in the defendant, will not relieve the plaintiff from showing that he was entitled to possession of the property, and that defendant had the possession in fact, at the commencement of the action.

5. A defect in a judgment, not prejudicial to the appellant, is no ground of reversal.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an action of replevin commenced in a justice's court to recover the possession of a sewing machine. An appeal was taken from the judgment rendered in the justice's court, to the county court of Milwaukee county, where the action was tried, and a judgment of nonsuit rendered against the plaintiff. The plaintiff was, previous to August 15, 1879, the owner of the machine, and on that day sold it to the defendant upon the following written contract:

" ' WHEELER & WILSON MANUFACTURING CO.,
" ' 155 State street, Chicago, Ill.

" ' $45.          MILWAUKEE, WIS., August 15, 1879. ·

" ' Received of the Wheeler & Wilson Manufacturing Company, one Wheeler & Wilson sewing machine, style No. 8, E, plate No. 143,068, with its parts as follows: 1 hemmer, 1 dozen needles, 1 quilting gauge, 1 plate gauge, 5 glasses, 4 bobbins, 1 puffer, 1 tucker, 1 set hemmer, 1 steel wrench, 1 emery wheel, 1 black wrench, 1 oil can, 1 screw-driver, 1 thumb-screw, 2 throat plates, under a bargain for the sale to me thereof, on condition that I first pay the price thereof, $45, to their order as follows: five dollars in advance this day, and five dollars on the fifteenth day of each and every month following August 15, 1879. Payable at the office of the Wheeler & Wilson Manufacturing Company, 155 State street, Chicago, Illinois.

" ' Said Wheeler & Wilson Manufacturing Company neither part with nor do I acquire any title or ownership in said ma-

chine, until the full sum of $45 shall have been paid as above recited.

" ' In case I remove the machine from my place of residence at Rolling Mill, near corner of Chicago road, without the written consent of said Wheeler & Wilson Manufacturing Company, or attempt to sell it, or in default of any of the payments thereon as above, or, before the payments become due, if they have reasonable cause to fear for the safety of their property, *they are at liberty to take away the machine at their option,* and any payment which may have been made thereon previous to such forfeiture they may retain as liquidated damages.

" ' As long as the machine remains in my custody, I agree to take good care to prevent any damage thereto other than ordinary wear.

" ' No one is authorized to make any contract or verbal promise differing from that written or printed on the face of this lease.                    LUDWIG TEETZLAFF.'

" It was admitted on the trial that the defendant had made all the payments on the contract except the last five dollars. As to that five dollars he claimed that it was not due to the plaintiff, and that, by the terms of the real contract made for the purchase of the machine, he was to pay but $40, and that he was ignorant of the fact that $45 had been inserted in the contract as the purchase price. This suit was not commenced until the 18th day of November, 1880, seven months after the last payment became due according to the terms of the contract.

" Upon the trial, the plaintiff proved the ownership of the machine by the company before the sale to the defendant, the sale to him as stated in the contract above set forth, the payment of $40 of the purchase money, a demand for the payment of the five dollars claimed to be due on the contract, of Mrs. Teetzlaff, and a refusal by her to pay. The proof as to the demand of the machine before suit brought is as follows: The witness Odenbrecht, who was in the employ of the com-

pany and authorized to collect the money on the contract, testified that shortly before the action was commenced he was at defendant's house and demanded the five dollars of Mrs. Teetzlaff, and she refused to pay it, and said she would not pay any more. 'I told her she must pay it; we would make her. Another time I told her I would take the machine away if she did not pay; and another time I demanded the money and did not get it, and I then took the head of the machine and carried it away to the office of the company.' The defendant was not present at either of the times spoken of by this witness. The witness Evans testified that the head of the machine was delivered to him by the company, and he was directed to go down and deliver up the head of the machine. 'I carried it down and placed it on the stand and told her [defendant's wife] I had brought back the machine, and she went and opened the frame of the sewing machine, and I placed it in there. I then asked her for the balance due, and she would not pay it. I then told her she would have to let me have the machine, and she said, No, no; she had paid for it,— paid $40 for it. She backed up and took hold of the machine and said: *Wait until my husband comes.* I then took a warrant of replevin in behalf of the company, which I had in my pocket, and gave it to constable Green, and Green took the machine. I never saw *Mr. Teetzlaff* in regard to the machine.'

"The return of the head of the machine to Mrs. Teetzlaff, and the demand for payment of the five dollars claimed to be unpaid, and the demand of the machine when payment was refused, as sworn to by the witness Evans, were all subsequent to the making of the affidavit for the warrant, and the signing and delivery thereof by the justice to the agent of the plaintiff. Upon this evidence the county court nonsuited the plaintiff, and judgment was entered against him for the costs of the action, from which judgment he appealed.

*T. W. Saunders*, for appellant:

1. The first reason urged for the nonsuit is without force.

If any part of the property in question is wrongfully withheld, plaintiff may have judgment for that portion. Wells on Replevin, sec. 486. The value of the separate portions of the property was proved. At the time of the delivery of the writ to the officer and the service of the same, all the property was in defendant's possession. 2. No demand was necessary. A demand must be proven only in those cases where it is necessary to "terminate the right of possession in the defendant and confer it upon the plaintiff." *Hudson v. Maze*, 3 Scam., 582; *Johnson v. Howe*, 2 Gilm., 345; *Smith v. McLean*, 24 Iowa, 322; *Eldred v. The Oconto Co.*, 33 Wis., 133; *Oleson v. Merrill*, 20 id., 462; *Cranz v. Kroger*, 22 Ill., 74. In this case both parties claim title, and the right of possession only as incident to the ownership. When the defendant pleads ownership in himself and defends upon the ground of superior right, demanding a return, no demand is necessary. Wells on Rep., sec. 374; *Seaver v. Dingley*, 4 Greenl. (Me.), 307; *Partridge v. Swazey*, 46 Me., 414; *Lewis v. Smart*, 67 id., 206; *O'Niel v. Bailey*, 68 id., 429; *Homan v. Laboo*, 1 Neb., 207; *Smith v. McLean*, 24 Iowa, 322; *Perkins v. Barnes*, 3 Nev., 557; *Pierce v. Van Dyke*, 6 Hill, 613; 33 Wis., 133; 34 Miss., 386, 400. Conversion renders demand before suit unnecessary. The assumption of ownership, or the assertion of a claim inconsistent with the owner's rights, is conversion. 1 Chitty's Pl., 154; *Oleson v. Merrill*, 20 Wis., 462; *Simpson v. Wrenn*, 50 Ill., 224; *Bristol v. Burt*, 7 Johns., 254; 6 Bac. Abr., 677; *Shoemaker v. Simpson*, 16 Kans., 43; *Smith v. Schulenberg*, 34 Wis., 41. 3. Demands were made before the commencement of the suit. See R. S., secs. 3593, 3731, 3733. The construction of the statute upon which the nonsuit was granted is, that the action is commenced by the act of the justice appending his signature to the summons or warrant, and that the instant his signature is so affixed, the suit is pending, regardless of any other and further action respecting the process. This construction is erroneous. An action is a

proceeding by which one party prosecutes another. R. S., sec. 2595. There cannot be an action in which only one party is affected. The process of summons or warrant is employed to bring the defendant into court, and so make an action possible. No suit is commenced, no action is pending or exists, until the party defendant is reached and affected, actually or constructively. If, in ordinary cases, action were commenced by the signing of the process by the justice, sec. 4240, R. S., would be rather a restriction than an enlargement of the remedy, as is intended. The New York justice act relative to the commencement of actions is like our own, and the construction is fixed by statute. The action is considered commenced upon the day when the process is delivered to the constable, except in cases of two or more actions commenced on the same day, when that one is first commenced on which process is first served. 2 R. S. of N. Y. (ed. 1836), 160. Before the code and prior to the revised statutes of New York, an action was held to be commenced by the issuing of the process. The process was "issued" or "sued out" when it was delivered or sent to the proper officer with the *bona fide*, absolute and unequivocal intention of having it served. *Wiggin v. Orser*, 5 Duer, 118; *Carpenter v. Butterfield*, 3 Johns. Cas., 145; *Ross v. Luther*, 4 Cow., 161; *Visscher v. Gansevoort*, 18 Johns., 496; *Lowry v. Lawrence*, 1 Caines, 69; *Burdick v. Green*, 18 Johns., 14; *Bronson v. Earl*, 17 id., 63; Graham's Pr. (2d ed.), 103, 113; id. (ed. of 1832), 86, 87. This was true, likewise, of actions in justices' courts, and the same meaning is given to the word "issue." *Lowry v. Lawrence*, 1 Caines, 69; *Boyce v. Morgan*, 3 id., 133; *Douglas v. Hoag*, 1 Johns., 283; *Koon v. Greenman*, 7 Wend., 124; *Carpenter v. Butterfield*, 3 Johns. Cas., 145; 1 Cowen's Tr., 495. In Massachusetts it is held that a writ may be issued provisionally, so that, if placed in the hands of an officer with directions not to serve till after some other act done, it may be considered as made after performance of such act; the action

is not deemed commenced until service. *Swift v. Crocker*, 21 Pick., 241; *Seaver v. Lincoln*, id., 267; *Grimes v. Briggs*, 110 Mass., 446; *Federhen v. Smith*, 3 Allen, 119. In *Badger v. Phinney*, 15 Mass., 359, the writ was delivered to the officer, who was instructed to make demand before service, and the demand was held good. See R. S., sec. 2635. In this case, when the plaintiff's agent took the warrant from the office of the justice, it was the intention to have it served only in the event of refusal to deliver. Had the property been delivered upon demand, the process would not have been served. Having had abundant opportunity to deliver before he was subjected to any costs or inconvenience, the defendant has no cause now to complain. To compel a plaintiff to go through the idle ceremony of a demand from an irresponsible and rascally defendant, before preparations are made for taking the property, is frequently to deprive him of a remedy to which he is entitled, by giving defendant an opportunity to secrete the property. The demand is sufficient if defendant is distinctly notified that the goods are wanted. Wells on Rep., sec. 376. Plaintiff's notice to defendant that, unless the balance was paid, the property would be taken, and the subsequent taking of part of the property, were a sufficient demand. 4. Demand was made upon the wife of the defendant, who was a proper person, this being a household matter, in which the law presumes that the wife acts as agent of her husband. *Savage v. Davis*, 18 Wis., 608. Defendant's whole course prior and subsequent to the times of demand, is an affirmance of her action in refusing delivery. *Goldsmith v. Bryant*, 26 Wis., 34. 5. There were questions of fact which should have been submitted to the jury. The issue of detention was a question of fact for the jury, and if there was any evidence on that point, which, on the most favorable construction, tended to establish the plaintiff's case, the nonsuit should not have been granted. *Imhoff v. Railroad Co.*, 22 Wis., 681; *Sutton v. Town of Wauwatosa*, 29 id., 21; 45 id., 182; 19 id.,

490. Demand and refusal are simply evidence of wrongful deten-
tion, but not the only evidence; any other facts and circum-
stances tending to show such detention are proper evidence,
and, if they satisfy the jury of the fact of wrongful detention,
or show wrongful possession, are sufficient, and no proof of
demand need be made.   Proof of any circumstances which
go to satisfy the jury that demand would have been unavail-
ing, renders demand unnecessary.   *Smith v. Schulenberg*, 34
Wis., 41; *Smith v. McLean*, 24 Iowa, 322; *Johnson v. Howe*,
2 Gilm., 345; *Appleton v. Barrett*, 29 Wis., 221; *Oleson v.
Merrill*, 20 id., 462; *Cranz v. Kroger*, 22 Ill., 74; *Hudson
v. Maze*, 3 Scam., 582; *La Place v. Aupoix*, 1 Johns. Cas.,
407.   If the refusal proved had been after the action brought,
it should have been left to the jury as evidence of a conver-
sion before the bringing of the action.   *Morris v. Pugh*,
3 Burr., 1241; Wells on Rep., sec. 372.   The question of the
agency of the wife was for the jury.   *Savage v. Davis*, 18
Wis., 608.

For the respondent there was a brief by *Rogers & Herde-
gen*, and oral argument by *Mr. Herdegen:*

1. At the time the suit was commenced, a part of the prop-
erty was in the possession of the plaintiff.   The making and
filing of the affidavit required by the statute, and the issuing of
the warrant by the justice, constitute the commencement of
the action.   R. S., secs. 3731, 3733, 3739; *Gardner v. Webber*,
17 Pick., 407; *Bunker v. Shed*, 8 Met., 151; *Johnson v. Far-
well*, 7 Greenl., 372; *Child v. Child*, 13 Wis., 17; *Knowlton
v. Culver*, 2 Pin., 93; *McMillan v. Larned*, 41 Mich., 521.
2. No proper demand was made.   The demand must be
made upon one who can deliver, and who has possession of
the property.   Wells on Rep., sec. 375; *Whitney v. Slauson*, 30
Barb., 276; *Andrews v. Shattuck*, 32 id., 397; *Lill's Ch. Br.
Co. v. Russell*, 22 Wis., 178.   It should usually be made
personally upon the party who is expected to comply with it.
A demand on the defendant's wife or servant is not sufficient

The Wheeler & Wilson Manuf'g Co. vs. Teetzlaff.

evidence of a conversion by the husband or master. Wells on Rep., sec. 375; *Storm v. Livingston*, 6 Johns., 44; *Mount v. Derick*, 5 Hill, 456. 3. The demand was not made before the commencement of the action. Demand was necessary. Wells on Rep., secs. 365, 345, 361; *White v. Brown*, 5 Lans., 78; *Hamilton v. Singer Man. Co.*, 54 Ill., 370. A demand by the officer after the issuing of the writ was too late. Wells on Rep., sec. 371; *Alden v. Carver*, 13 Iowa, 254; *Darling v. Tegler*, 30 Mich., 54. 4. A replevin suit must be tried according to the facts as they existed at the time of its commencement. Wells on Rep., secs. 496, 791; *Cary v. Hewitt*, 26 Mich., 229; *Belden v. Laing*, 8 id., 500; *Cassel v. Western Stage Co.*, 12 Iowa, 47; *Clark v. West*, 23 Mich., 242; *Loomis v. Youle*, 1 Minn., 175; *Alden v. Carver*, 13 Iowa, 254; *Campbell v. Williams*, 39 id., 646; *Currier v. Ford*, 26 Ill., 492. And the plaintiff, to maintain the action, must have been entitled to the possession at the time the suit was commenced. *Rose v. Tolly*, 15 Wis., 443; *Beckwith v. Philleo*, id., 223.

TAYLOR, J. It seems from the record that the nonsuit was placed upon two grounds: *first*, that at the time the suit was commenced the most valuable part of the property was in the actual possession of the plaintiff; and *second*, that no demand was made upon the defendant for a surrender of the property, before the suit was commenced. Upon the argument in the court, the learned counsel for the appellant contended that no demand was necessary to enable the company to maintain the action of replevin for the machine, because he says the respondent puts his defense upon his ownership of the machine, and denies the ownership of the appellant. There is no evidence in the case, so far as we are able to discover, that the respondent ever made any claim of ownership of the property. There is evidence that his wife made such claim before the action was brought, but it does not appear that such claim

was made in the presence of the husband or by his direction, and we do not think the claim of the wife should have the effect, in a case of this kind, to charge the respondent with a wrongful conversion of the appellant's property, without full proof that she was authorized to speak and act for him. There is no direct evidence, and no circumstances disclosed, which would tend to prove such authority, except the fact that she paid the purchase money when called upon, except the last payment.

Under the contract the possession of the machine was rightfully in the respondent, and a mere failure to make the payments according to the agreement did not render such possession unlawful. The appellant might, if it saw fit, let the possession remain with respondent and sue him upon the contract for the payment of the purchase price. The contract says the appellant *may, at its option, take the machine away if the payments are not made according to the terms of the contract.* A fair construction of this contract would require the appellant to give notice to the respondent that it would exercise its option to take away the machine, on account of the nonpayment of the purchase money, before an action could be commenced to get possession thereof. A demand of possession, or notice to the respondent that the company would exercise its option to take possession of the machine, was especially necessary after the company had failed to take immediate advantage of that provision in the contract, and suffered the machine to remain in the respondent's possession for several months after such failure, during all that time demanding payment of the five dollars claimed to be due. Under such circumstances, if the appellant determined to avail itself of the forfeiture of the money paid, and assert its right to the possession and ownership of the machine, notwithstanding it had received eight-ninths of the purchase money, it was clearly its duty to give the respondent unequivocal notice of such determination on its part before exercising that right. *Smith*

*v. Newland,* 9 Hun, 553; *Johnston v. Whittemore,* 27 Mich., 463; *Giddey v. Altman,* 27 Mich., 209; *Deyoe v. Jamison,* 33 Mich., 94; *Cushman v. Jewell,* 7 Hun, 525–530; *Hutchings v. Munger,* 41 N. Y., 155–158.

Forfeitures are not favored by the law, and the party seeking to enforce them must see to it that he has done everything on his part which entitles him to claim their enforcement. The respondent should not be put to the costs of an action without notice that the appellant would exercise the option reserved in the contract to repossess itself of the machine. The *status* of the parties under the contract, so far as the right to possession is concerned, was not changed by the failure to pay according to contract, but by the exercise of the option reserved to the appellant to repossess itself of the machine, and notice of such option given to the respondent. We are of the opinion that a notice given to the wife when she is living with her husband, and when there is no pretense that the husband is keeping out of the way to avoid notice and demand upon him, is not notice to or demand upon the husband, unless it be shown that the husband has constituted his wife his agent for the purposes of receiving such notice and demand. The mere fact that she made the payments which were made, is not sufficient evidence of such agency. The contract in the case shows that the husband, and not the wife, was the purchaser of the machine and entitled to the possession thereof under the contract; and, the machine being one which would ordinarily be used by the wife, her possession of it would be the possession of the husband; and such possession, being rightful under the contract, could only be made wrongful as to him upon failure to perform the contract, and notice by the appellant that it would exercise its right to repossess itself thereof. There being no evidence establishing the fact that the respondent was ever notified that the appellant proposed to avail itself of the option reserved in the contract before the action was commenced, the nonsuit was properly granted for that cause.

We are also of the opinion that at the time the action was commenced the appellant had the possession of the machine, and that in consequence thereof no right of action to replevy the same existed at the time the suit was commenced. The warrant of replevin is for a *sewing machine.* When the affidavit required by statute was made, and when the warrant was signed, verified, and handed to the plaintiff's agent, the defendant did not have the sewing machine in his possession. The material parts constituting the sewing machine were in fact in the actual possession of the plaintiff. It is true the defendant had possession of the stand on which the machine was placed when in use, but such stand is not properly described as the sewing machine which was the subject of the action. Upon this point the learned counsel for the appellant insists that the suit was not in fact commenced until after the machine had been returned to the possession of the defendant, and after a demand had been made for its return to plaintiff. His theory is that the action is not commenced for any purpose until the warrant is placed in the hands of an officer for service. We think this is a mistaken construction of our statute regulating the commencement of actions of replevin in a justice's court. Section 3731, R. S., provides that "actions of replevin for the recovery of the possession of goods and chattels in justice's court shall be commenced by warrant, which shall be returnable," etc. Section 3733 provides that "no such warrant shall be issued until an affidavit shall be filed with the justice, made by the plaintiff or some one in his behalf, stating that the plaintiff *is then lawfully entitled to the possession* of certain personal property, giving a particular description thereof and of the value, and that the same has been unjustly taken *and is unjustly detained* (or that the same *is unjustly detained,* as the case may be) by the defendant, naming him," etc. Section 3739 provides "that the affidavit shall be deemed the complaint in the action, and the defendant may answer thereto as in other cases;" and sec-

tion 3742 provides that "in such action it shall be necessary for the plaintiff, whether the defendant be present or not, to prove all the allegations of his complaint," etc.; the word "complaint," used in this section, meaning the affidavit required to be made by section 3733, above quoted.

Under these provisions of the statute we think it is evident that the action must be considered commenced when the affidavit is made and the warrant is signed by the justice and placed in the hands of a third person with intent to have the same served, whether such person be an officer entitled to serve the same or some other person who receives the same with intent to place the same in the hands of an officer for service. Any other construction of the statute would nullify the object of the statute, which requires the making of the affidavit before the writ shall issue, or permit an affidavit which was false in fact to be a good foundation for the action. See *Darling v. Tegler*, 30 Mich., 54. The laws of Michigan upon the subject of replevin in justice's court are substantially the same as the sections of the Revised Statutes above quoted. See Comp. Laws Michigan, 1871, §§ 6726, 6732. In the case above cited the supreme court of that state say: "No demand was made before the writ of replevin was sued out and the affidavit made. The officer holding the writ then made a demand for the lumber. Defendant pointed it out, but refused to deliver it up, and the officer thereupon replevied it. As he made but one demand, and as that was made while he had the writ in possession and ready for service, we think such demand cannot be regarded as sufficient to justify the action. Whatever may be the case under different systems of practice, our statutes expressly require an affidavit to be made after the cause of action has accrued. The writ cannot issue nor the affidavit be made unless the plaintiff has become entitled to the possession and the defendant is guilty of an unlawful detention. And in this case nothing but a refusal to comply with a proper demand could make the detention unlawful." It seems to us

that the view of this question taken by the court in this case is entirely in harmony with the requirements of the statutes, and that any other construction would defeat the whole object of requiring an affidavit to be made by the plaintiff previous to the issuing of the warrant, setting forth the facts showing that a cause of action exists in his favor.

In the present case the evidence clearly shows that when the affidavit was made there was no unlawful detention of the sewing machines sought to be replevied. The undisputed proof shows that the material parts which constitute the machine were then in the actual possession of the plaintiff itself. It was impossible, therefore, that it could at the same time be unlawfully detained by the defendant. The plaintiff could not restore the property in controversy to the possession of the defendant after suit brought, and then maintain his action because it was then unlawfully detained after demand. But the learned counsel for the appellant insists that the plaintiff should be entitled to recover without any proof of demand, because he alleges that the defendant by his answer does away with the necessity of proving a demand, by setting up property in himself as a defense. If this were so, it would not help the case of the appellant, because, as we have said above, the proofs show that the respondent did not and the appellant did have the actual possession of the machine when the action was commenced; and upon this proof, under the answer setting up a general denial of the facts set up in the complaint, the respondent was entitled to a judgment of nonsuit against the appellant. It is unnecessary, therefore, to determine what would be the effect of a separate answer following an answer denying all the allegations of the complaint in replevin, setting up title in the defendant, or in a third person, upon the question of the necessity of proof of a demand before suit brought, in a case where it appeared that the defendant's possession was rightful until such a demand had been made. If there had been no general denial of all the allegations of the

The Wheeler & Wilson Manuf'g Co. vs. Teetzlaff.

complaint, there can be little doubt but that the position of the learned counsel for the appellant would be correct. We would suggest, however, that a special answer, following a general denial, alleging property in the defendant, does not in any way enlarge the defendant's rights upon the trial, as that fact could be given in evidence under the general denial. *Timp v. Dockham*, 32 Wis., 146. We see no reason for holding that such special allegation should destroy the effect of the general denial, and relieve the plaintiff from making all the proofs he would be required to make had the special answer been omitted.

It is insisted that the judgment is irregular, as there is no order directing the return of the property to the defendant. This defect in the judgment, if any, is not prejudicial to the appellant, and upon his appeal it is no cause for reversing the judgment.

We express no opinion as to what the rights of the respective parties to this action would have been under the contract above quoted, had the plaintiff, before suit brought, given notice to the defendant that, unless the balance of the purchase money was paid, he should take advantage of the option reserved to him in the contract, and take possession of the machine.

*By the Court.*— The judgment of the county court is affirmed.