AARON SHAPIRO, PLAINTIFF-RESPONDENT, v. MIKE DE LEUCE, DEFENDANT-APPELLANT.

Submitted February 15, 1916—Decided May 12, 1916.

In an action of replevin, when a demand for possession is necessary, a demand made upon the wife of the defendant is not sufficient to maintain the action against the husband.

Before Justices GARRISON, TRENCHARD and BLACK.

For the respondent, *James R. Stewart, Jr.*

For the appellant, *William A. Lord.*

The opinion of the court was delivered by

BLACK, J. This was an action of replevin brought in the East Orange District Court against the defendants, Mike De Leuce and Mary De Leuce, his wife, to recover certain goods under a conditional bill of sale. The case was tried by the court without a jury, resulting in a nonsuit as to the defendant Mary De Leuce, and judgment for possession against the defendant Mike De Leuce. The ruling of the

court granting a nonsuit in favor of the defendant Mary De Leuce is not contested. The judgment against Mike De Leuce is attacked on the sole ground that the trial court held, that the demand for possession made upon the wife, Mary De Leuce, was a sufficient demand in law to maintain the action against the husband, Mike De Leuce. This is the only question brought under discussion in this appeal. The court held, that the wife was for the purpose of making the demand the agent or servant of the husband. This, we think, was error. At the time the demand was made upon the wife, she said, "No, no, no. Don't take the goods. Wait until my husband comes home." There is a line of authorities, and they are quite uniform in holding, that, when a demand is necessary in replevin, a demand upon the wife in a suit against the husband is not sufficient to maintain the action.

The rule is stated in *Cobb. Repl.,* § 481, thus: "A demand of one not having authority to deliver or refuse and having no control over the chattels is insufficient. It should usually be made personally upon one in possession and who has power to comply. Demand on wife or servant is not sufficient demand on husband or master. Demand at the house of a bailee in his absence is not good unless knowledge of the demand is brought home to him before the action commenced." To the same effect are: *Wells Repl.,* § 375; *Mount* v. *Derick,* 5 *Hill* 454; *Storm* v. *Livingston,* 6 *Johns.* 44; *Wheeler & Wilson Mfg. Co.* v. *Teetzlaff,* 53 *Wis.* 211; 34 *Cyc.* 1413. This, of course, is based on the theory that the law presumes if one has the possession of goods to which he is not entitled, he will give up the possession, on demand, to the rightful owner, without the trouble and expense of a lawsuit.

For the error thus pointed out, the judgment of the District Court is reversed, with costs.