VALLEY MERCANTILE CO., APPELLANT, *v.* BAILEY ET
AL., RESPONDENTS.

(No. 5,219.)

(Submitted May 28, 1923.   Decided June 26, 1923.)

[216 Pac. 789.]

*Ejectment—Vendor and Purchaser—When Promissory Note
Constitutes Payment.*

1. In an action to recover the possession of real property sold
under an oral agreement on which the purchaser had paid part
cash, giving his promissory note for the balance due, which re-
mained unpaid, *held,* that the note having been given and ac-
cepted as payment, and not as an evidence of indebtedness, the
defendant, to whom no deed had been delivered, had a complete
equitable title and that judgment in his favor was correct.

*Appeal from District Court, Ravalli County; James M. Self,
Judge.*

ACTION by the Valley Mercantile Company against Myrtle
L. Bailey and another.   Judgment for defendants and plaintiff
appeals.   Affirmed.

*Messrs. O'Hara, Madeen & Carmody,* for Appellant, sub-
mitted a brief; *Mr. Robert A. O'Hara* argued the cause orally.

The defendants admit the contract and the execution of
the note, and aver payment of the purchase price.   They do
not allege payment of the note, so that the answer proper
does not set up a defense to the complaint.   No court of
equity would entertain this plea in the absence of a showing
that the note had been paid, as a sufficient plea to entitle
the defendants to affirmative relief; that is, to the execution
and delivery of a deed to the premises.   (*Power* v. *Sla,* 24
Mont. 249, 61 Pac. 468; *Hoffman* v. *Remnant,* 71 Cal. 1, 12
Pac. 804; *Kenyon* v. *Quinn,* 41 Cal. 325; *Hicks* v. *Lovell,* 64
Cal. 14, 49 Am. Rep. 679, 27 Pac. 942; *Arguello* v. *Bours,* 67
Cal. 447, 8 Pac. 49; *Bruck* v. *Tucker,* 42 Cal. 346.)

The allegation in the answer that "the note was given and received as payment" without any allegation as regards the assumption of the risk of its payment by the plaintiff, or of circumstances indicating the intention of the parties, is a mere conclusion. The note, on its face, purports to be conditional payment, and is presumed to be accepted as such, and such presumption must be overcome by pleading and proof of an express agreement, or of circumstances which tend to show that the intention of the parties was that the note should cancel the debt. (*Griffith* v. *Grogan,* 12 Cal. 317; *Brown* v. *Olmsted,* 50 Cal. 162; *Comptoir D'Escompte* v. *Dresbach,* 78 Cal. 15, 20 Pac. 28; *Cranston* v. *West Coast Life Ins. Co.,* 63 Or. 427, 128 Pac. 427; *Merchants Nat. Bank* v. *Bentel,* 166 Cal. 473, 137 Pac. 25; *Webb* v. *National Bank,* 67 Kan. 62, 72 Pac. 520.) In *Partee* v. *Bedford,* 51 Miss. 84, it is said: "Whether the note passed for the payment of the purchase price of property, and accepted by the vendor is a conditional or absolute payment is purely a question of agreement and intention on part of the vendor and vendee." (See, also, *Gardner* v. *Gorham,* 1 Doug. (Mich.) 507.)

The plaintiff proved title to the property and the court so instructed the jury, and thereupon the burden was on the defendants to prove affirmatively their superior right to claim the property adversely to the plaintiff. (*Lamme* v. *Dodson,* 4 Mont. 587, 2 Pac. 298; *Rude* v. *Marshall,* 54 Mont. 27, 166 Pac. 298; *Shinors* v. *Joslin,* 56 Mont. 10, 180 Pac. 574.)

*Messrs. Baggs & Kurtz* and *Mr. J. D. Taylor,* for Respondents, submitted a brief; *Mr. Taylor* argued the cause orally.

The promissory note in question was made and delivered by respondents in payment of the balance of the purchase price and was so accepted by appellant; the testimony in the case warrants and supports this conclusion (Tr., pp. 47, 48), and, we submit, that as a matter of equity as well as law, appellant should be made to stand by its agreement freely entered into. We do not desire to be understood, however, that we consider the plea of payment as simply an equitable

defense, but, as we understand the rule, payment, if supported by competent evidence, is a good and sufficient legal defense. (30 Cyc. 1199–1201.) In this connection we desire to call the attention of the court to the fact that appellant's case is one in law and not in equity.

Whether or not a note is given and accepted as payment of a debt is always a question of fact for the jury, and never a question of law for the court, for it depends wholly upon the agreement of the parties. (30 Cyc., *supra; Carlson Bros. Co.* v. *Weidauer, etc.,* 69 Wash. 161, 124 Pac. 397; *Jenne* v. *Burger et al.,* 120 Cal. 444, 52 Pac. 706.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

In August, 1909, plaintiff, Valley Mercantile Company, a corporation, and defendants Myrtle L. and Frank H. Bailey, had some oral negotiations relating to the sale by plaintiff to defendants of certain real estate situate in Ravalli county, Montana. As a result of these negotiations, defendants paid to plaintiff in cash a certain sum of money and made, executed and delivered to plaintiff their promissory note for the balance of the amount agreed upon as the purchase price of the premises. Defendants thereupon entered into and have remained in possession thereof until the present time. No deed was delivered. In 1919, the note not having been paid, plaintiff demanded in writing payment or possession of the premises, tendering a deed to be delivered upon payment of the note. Payment was not made, and this action was commenced to obtain the possession of the premises.

By way of defense the answer in effect set up that the sale of the premises was consummated upon the delivery of the cash and the note; that the transaction was completely settled thereupon; that the note was given and accepted as payment of the amount which was not paid in cash; and that defendants have the complete equitable title to the premises and are entitled to the possession thereof. The affirmative matter in the answer was denied. The case was tried to a jury,

68 Mont.—6

which was instructed as to the issue of payment. A verdict was returned in favor of defendants, and judgment was entered thereon. A motion for a new trial was overruled, and plaintiff appealed from the judgment.

We have examined all the specifications of error and find nothing which warrants a reversal of the judgment.

The case was tried and determined on the theory that the only issue to 'be passed upon was whether or not the note was given and accepted as payment. Plaintiff takes the position [1] that a note is not payment until it is itself paid. From this premise it is argued that the facts pleaded do not show that defendants are entitled to the possession. We think that neither the premise nor the conclusion is correct.

It has been said: "An equitable title arising out of a contract for the sale of land is a defense to an action instituted to recover the possession of the land, the subject of the contract." (*Tibeau* v. *Tibeau,* 19 Mo. 78, 59 Am. Dec. 329; and see 15 Cyc. 74.)

In discussing certain phases of that doctrine the supreme court of California, in *Love* v. *Watkins,* 40 Cal. 547, 6 Am. Rep. 624, said: "Upon the execution of a contract to convey, the vendee becomes in equity, the owner of the land. His estate, however, is subject to be defeated if he fails to comply with his agreement. After he has fully performed, he is, in equity, regarded as the absolute owner of an indefeasible estate, and the vendor is a naked trustee, having no interest, but charged with the simple duty to convey to the vendee upon demand. Equity regards the vendee as the owner, upon the principle that it considers that as done which ought to be done. Now, it seems to me that while counsel recognize the fact that he is, in equity, regarded as the owner, they must suppose it to be in some different sense from which he is regarded as owner at law, when he has the legal title. But this is not so. He is supposed, for the purposes of courts of equity, to have acquired, and to hold the title. They will compel the conveyance of the legal title to him, because, at law, his equitable

title is not recognized.   But wherever it is recognized it constitutes ownership.''

Plaintiff cites a number of authorities for the proposition which is stated in the last quotation that ''his estate, however, is subject to be defeated if he fails to comply with his agreement.''   With these authorities we would probably agree if the facts brought the case within the rule.   In order to apply that rule counsel are put to it to establish that the note was not accepted as payment.   In other words, if the note was accepted as payment the contract was fully performed and immediately defendants became entitled to a conveyance of the legal title.   If it was not given and accepted as payment, the defendants were then either without the exception or the rule, whichever it may be termed, and could not defend this action.

The sole question which remains, therefore, is as to whether or not the note was given and accepted as payment.   Where such is the agreement, it will be held that the note is an extinguishment of the precedent obligation, whether the note is afterward paid or not.   (See 21 R. C. L., p. 72.)   Obviously, where there is no such agreement, the obligation will not be extinguished.   (See *United States Nat. Bank* v. *Shupak*, 54 Mont. 542, 172 Pac. 324.)   In that case this court, considering the question of whether a check was payment, said: ''A check is merely an order for money and in the absence of any agreement to the contrary its acceptance in discharge of an indebtedness is conditional upon its payment.''   There can be no distinction between a check and a note in this respect.   We think that as to both propositions the last quotation is a correct statement of the rule.   However, when there is any testimony which raises the issue, the ultimate determination thereof must be left to the proper officers as a question of fact. (21 R. C. L. 82.)   In this instance the jury did determine that issue in favor of defendants.

If there was sufficient testimony to support that finding, we cannot disturb it.   We are of the opinion that the testimony was sufficient.   The officer of plaintiff corporation who transacted this business for the company testified by deposi-

tion.    There were two depositions by this witness read, both of which were taken at plaintiff's instance.    In one he stated unequivocally that the note was given and accepted as payment and outlined the bookkeeping methods employed by plaintiff.    While these methods are not conclusive of the question, they are susceptible to the inference that it was the company's intention to complete the sale in that manner, and that as far as title to the premises was concerned it was complete in defendants upon delivery of the note, subject only to the company's liability to convey the bare legal title. ' When it was learned that the witness had so testified, plaintiff got in touch with him by correspondence, and as a result he deposed that the note was only taken as an evidence of the indebtedness.    The deposition given last in time was used by plaintiff, and the one given first was used by defendants. From these statements the jury could have found either way. The conflict was resolved in defendants' favor.

It is our opinion that taking the view which the jury must have taken that the note was accepted as payment, the complete equitable title vested in defendants and they should prevail.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

*Affirmed.*

Rehearing denied July 16, 1923.