LACEY, RESPONDENT, *v.* GREAT NORTHERN RAILWAY CO., APPELLANT.

(No. 5,413.)

(Submitted February 9, 1924. Decided May 8, 1924.)

[225 Pac. 808.]

*Conditional Sales — Automobiles — Injury by Third Person— Rights of Buyer and Seller—Action Against Tort-feasor— Contributory Negligence of Buyer not Imputable to Seller.*

Conditional Sales—Buyer's Right of Action for Damages Against Third Party.
  1.  The clause in a conditional sale contract that upon breach of any of its conditions by the vendee the vendor may, without notice, declare the contract at an end and retake possession of the chattel requires affirmative action on the vendor's part to make it operative; hence, in the absence of such action, the vendee, having the legal right to its possession, may maintain an action for damages against a third person by whose fault it is injured.

Same—Risk of Loss Falls upon Buyer—Rights of Seller.
  2.  The risk of loss of or injury to a chattel sold under a conditional sale contract by a third person, falls upon the buyer in possession, the seller being under no obligation to reclaim or retake the damaged article, and the latter may recover from the buyer the full price due, less installments paid.

[70 Mont. 346.]

Same—Rights of Buyer and Seller.
  3.  Where an article sold under a conditional sale contract is damaged by either the vendee or a third person, the vendor has a right of action against either, his measure of damages being the amount of the price unpaid, not, however, exceeding the value of the article; and the conditional buyer may bring action against the third person and recover its full value.

Same—What may Constitute Payment.
  4.  Where the buyer of an automobile under a conditional sale contract upon which payments are still due and which is damaged in a collision with a train, after commencing suit against the railroad company and before making a compromise with the company, gives an order on his attorney to the seller covering the balance due and the latter accepts it in settlement of the account, the order constitutes payment and the seller is barred of his right of recovery from the railroad company.

Trial—Instructions—Jury must Obey.
  5.  The jury must follow the instructions of the court whether they be right or wrong.

Conditional Sales—Damage to Article by Third Person When Seller's Right to Recover from Tort-feasor Barred—Erroneous Instruction.
  6.  An instruction that if the seller of an automobile under a conditional sale contract had agreed that the buyer should prosecute his action against the railroad company by whose wrongful act it was damaged, and the suit was compromised by plaintiff therein and the company, the seller's right to recover from it was barred, *held* erroneous since to bring about that result, the seller must have authorized the buyer to bring suit for the benefit of both, or an order given by the buyer on his attorney to the seller prior to the compromise covering the balance due him constituted payment and made the buyer the owner of the machine.

Same—Injury of Article by Third Person—Contributory Negligence of Buyer not Imputable to Buyer.
  7.  Where an automobile sold under a conditional sale contract is injured by the negligent act of a third person, the alleged contributory negligence of the buyer is not imputable to the seller.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION by Jack Lacey against the Great Northern Railway Company.  Judgment for plaintiff and defendant appeals.  Reversed and remanded.

---

  7.  Imputing· negligence of bailee to bailor in action by the latter against third person for destruction or damage of property, see notes in 18 Ann. Cas. 537; 6 A. L. R. 316; 17 L. R. A. (n. s.) 925; 27 L. R. A. (n. s.) 690.

*Mr. I. Parker Veazey, Jr., Mr. W. L. Clift, Mr. H. C. Hopkins* and *Mr. R. H. Glover*, for Appellant, submitted a brief; *Mr. Glover* argued the cause orally.

Contributory negligence of conditional vendee is bar to recovery by conditional vendor. (*Illinois C. R. Co.* v. *Sims*, 77 Miss. 325, 49 L. R. A. 322, 27 South. 527; *Smith* v. *Smith*, 2 Pick. (Mass.) 621, 13 Am. Dec. 464; *Puterbaugh* v. *Reasor*, 9 Ohio St. 484; *Forks Twp.* v. *Kink*, 84 Pa. St. 230; *Texas & P. R. Co.* v. *Tankersley*, 63 Tex. 57; *Welty* v. *Indianapolis & V. R. Co.*, 105 Ind. 55, 4 N. E. 410; 20 R. C. L. 150.)

The plaintiff was bound by the settlement between Massi and the railway company. (24 R. C. L. 496; *Lord* v. *Buchanan*, 69 Vt. 320, 60 Am. St. Rep. 933, 37 Atl. 1048; *Aldrich* v. *Hodges*, 164 Mass. 570, 42 N. E. 107; *Stotts* v. *Puget Sound T. L. & P. Co.*, 94 Wash. 339, L. R. A. 1917D, 214, 162 Pac. 519; *Louisville & N. R. Co.* v. *Duncan*, 16 Ala. App. 520, 79 South. 513; *Smith* v. *Louisville & N. R. Co.*, 208 Ala. 440, 94 South. 489.)

*Mr. N. A. Rotering*, for Respondent, submitted a brief and argued the cause orally.

A bailor is not barred by the contributory negligence of a bailee. The bailee is neither the agent nor servant of the bailor, and for that reason the rules obtaining as to master and servant or principal and agent have no application. (See cases cited in opinion under paragraph [7].)

The respondent was not bound by the alleged settlement between Massi and the appellant. By that so-called settlement the appellant admitted that it was negligent and that Massi was not negligent. The contract between Lacey and Massi was in pursuance of the statute, placed on record in the office of the county clerk and recorder. The appellant consequently was charged with notice that Lacey was the owner of the machine. (*Smith* v. *Willoughby*, 24 N. D. 1, 138 N. W. 7; *French* v. *Osner*, 67 Vt. 427, 32 Atl. 254; *Ross* v. *Thomas*, 24 Cal. App. 734, 142 Pac. 102.)

## OPINION: PER CURIAM.

This action was instituted by the plaintiff to recover for an injury to an Essex automobile the sum of $1,300, because of the alleged negligent operation of a train over the railroad tracks of the defendant company in the city of Butte. The cause was tried to a jury which rendered a verdict in plaintiff's favor for $1,000. Judgment was entered upon the verdict and the appeal is from the judgment.

It appears that on the sixth day of August, 1920, the plaintiff sold to Louis Massi the automobile at the agreed price of $1,593.29, upon a conditional sale contract which was filed for record in the office of the county clerk of Silver Bow county on the next day. By the terms of the agreement Massi paid $650 to plaintiff upon the signing thereof, receipt of which was acknowledged. The balance payable was $943.29 as follows: $104.81 one month after date, and a like amount in two, three, four, five, six, seven, eight and nine months. Possession of the automobile was delivered to the purchaser, who agreed not to sell, attempt to sell or otherwise dispose of the same, nor to permit it to be removed from his possession. In paragraph 9 of the agreement it was "distinctly understood and agreed that, should said purchaser fail to make any of the said payments to said seller, or should said purchaser fail to perform any of the terms or conditions thereof in the manner and within the time herein provided for, said seller may declare the entire purchase price due and payable without notice, and may take immediate possession of said automobile, attachments, accessories and equipment, and in either or both events all the rights, titles and equities of said purchaser in and to said automobile shall immediately cease and determine, and said seller shall be released from all obligation to transfer or deliver said automobile to said purchaser, and all sums of money theretofore paid by said purchaser to said seller hereunder shall remain the sole property of said seller, and shall be considered

as compensation for the use of said automobile by said purchaser.''

From the evidence it is clear that at the time of the accident Massi, the purchaser, was in the actual physical possession of the automobile; also that plaintiff had not declared a forfeiture, nor is there any evidence that he intended to do so. And it appears that plaintiff never took possession or asserted the right of possession of the automobile after its delivery to Massi until after the accident.

On November 17, 1920, Massi began suit against the railway company for the sum of $1,985 on account of damages to this automobile. While the suit was pending plaintiff, then knowing that Massi was maintaining the suit, had two conversations with L. P. Donovan, one of Massi's attorneys in the case, as he, plaintiff, ''wanted some arrangements made for his protection,'' according to Mr. Donovan's testimony. The result was that Massi in the presence of plaintiff gave to Nolan & Donovan an order in writing for $666.44, being the amount then due him from Massi upon the purchase price of the automobile. Subsequently the case of Massi against the railway company was settled, the defendant company paying to Messrs. Nolan & Donovan, as Massi's attorneys, the sum of $800, which, after deducting their fees, they turned over to Massi.

The first question which presents itself is whether in view of the foregoing facts the plaintiff has a right to maintain this action.

Whether Massi had made all of the payments required of him, a subject somewhat doubtful upon the record, it is clear that plaintiff had not declared a forfeiture. The mere failure [1] of a conditional vendee to make his payments on time does not change the status of the parties in the absence of an exercise of the option to declare a forfeiture by the vendor. The clause in the contract allowing the vendor to retake the property is not operative in the absence of affirmative action on his part. (See *Wheeler & Wilson Mfg. Co.* v. *Teetzlaff*, 53

Wis. 211, 10 N. W. 155; *Leaf* v. *Reynolds,* 34 Idaho, 643, 203 Pac. 458; *Teter* v. *Thompson,* 57 Cal. App. 329, 207 Pac. 260.) It follows that at the time of the accident Massi had the legal right to the possession of the automobile. That as conditional vendee he had the right to maintain his action is beyond question. (24 R. C. L. 496.)

The law applicable to seller and buyer under a conditional [2, 3] sale contract is well settled. The risk of loss or injury to the chattel from a third person falls upon the buyer in possession, who has the beneficial incidents of title. The seller is under no obligation to reclaim or retake the damaged chattel; he has done all he was to do, except to receive payment of the purchase price. The purchaser has received all that he was to receive as the consideration of his promise to pay. Consequently, the seller is allowed to recover from the buyer the full price due, less installments paid. The conditional vendor has a right of action for damages upon the object of the sale whether the tort-feasor be the conditional vendee or a third person. But the measure of the vendor's damages in such case is only the amount of the price unpaid, not, however, exceeding the value of the goods. (Williston on Sales, sec. 333; *Elder* v. *Woodruff Hardware & Mfg. Co.,* 9 Ga. App. 484, 71 S. E. 806; *Higdon* v. *Garrett,* 163 Ala. 285, 50 South. 323; *Loughlin* v. *Brassil,* 187 N. Y. 128, 79 N. E. 854.) The conditional buyer having the risk, and being obligated to pay the full price to the seller, may bring action against the tort-feasor and recover as damages the full value of the chattel. (Williston on Contracts, sec. 965; Williston on Sales, secs. 304, 333.)

There is no doubt that with plaintiff's knowledge and ex- [4] press consent Massi was free to pursue his action against the defendant for a recovery of all the damages following from the alleged tort. Massi's obligation was then to pay to plaintiff the fruits of the litigation to the extent of the amount due on the contract; but whether the order given by Massi on Nolan & Donovan was received and accepted by plaintiff in

full settlement of the amount due him may not be determined upon this record. It is fair to infer that if Massi did not recover from the railway company his debt to plaintiff would not be discharged by the order. It is also possible to infer from the record that plaintiff simply took the order as additional security for the amount due him from Massi; he had reserved title in himself as security. The automobile had been destroyed, having but $200 salvage value. The plaintiff had the right to sue the railway company for the amount of the purchase price still due him. Whether the plaintiff accepted the order in full settlement of the amount due him and as a consequence thereof whether he was estopped from suing the railway company was a question which should have been submitted to the jury for their determination under proper instructions.

If the order given by Massi on Nolan & Donovan constituted a settlement between plaintiff and Massi as upon an account stated, and plaintiff so accepted it, that would have constituted payment as much as though Massi had executed his promissory note to plaintiff and plaintiff had accepted it in settlement of the balance due. (*Valley Merc. Co.* v. *Bailey*, 68 Mont. 79; 216 Pac. 789.) That would have conferred upon Massi the full right of ownership of the property for the purpose of his action against the defendant, and under those circumstances plaintiff would have become barred of his independent right of recovery from the defendant. (24 R. C. L. 476; *C. C. & O. Ry. Co.* v. *Unaka Springs Lumber Co.*, 130 Tenn. 354, 170 S. W. 591; *Smith* v. *Gufford*, 36 Fla. 481, 51 Am. St. Rep. 37, 18 South. 717; *Lord* v. *Buchanan*, 69 Vt. 320, 60 Am. St. Rep. 933, 37 Atl. 1048; *Logan* v. *Wabash R. Co.*, 43 Mo. App. 71.)

It is well to note here that it cannot be determined from the record whether the amount paid Massi by the defendant company was the full value of the automobile at the time of the accident.

In this condition of the record the court gave instruction No. 14, which reads as follows: "You are instructed that, if you find from the evidence that the plaintiff in this action **[5, 6]** transferred the possession of the automobile to Louis Massi under a conditional sales contract, and that at the time of the accident Massi was in such possession and had the right to the legal possession of the car, and that Massi thereafter and following the accident made a settlement with the defendant for damages to the automobile from the collision mentioned, then you are instructed that the settlement made by Massi is binding upon the plaintiff, and the plaintiff cannot recover, and your verdict must be for the defendant." This instruction is erroneous. It is conceded that the plaintiff did transfer the possession of the automobile to Massi under a conditional sale contract, but whether at the time of the accident Massi had a right to the legal possession thereof was a question of law which the jury, in view of the instructions given, was not in a position to resolve. That Massi had made a settlement with the defendant company was conceded but whether the settlement was binding upon the plaintiff depended upon one of two propositions—whether the giving and receiving of the order lodged with Massi the sole right of recovery for the alleged tort or whether plaintiff had authorized Massi to make the settlement. However, since, so far as this record is concerned, Massi had a right to the legal possession of the car the verdict of the jury was directly against this instruction. That it does not correctly state the law would make no difference, for it is the duty of the jury to follow the instructions of the court whether they be right or wrong. (*King* v. *Lincoln*, 26 Mont. 157, 66 Pac. 836; *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673; *De Young* v. *Benepe*, 55 Mont. 306, 176 Pac. 609.)

Instruction No. 19 is as follows: "You are instructed that if you find from the evidence that Lacey, after the institution of the suit by Massi against the defendant for damage to the

354 LACEY v. GREAT NORTHERN RY. CO. [Mar. T. '24

automobile involved in this action, became aware of the pendency of said suit by Massi, and agreed that Massi should prosecute said action against the railway company as the owner, conditional vendee, or pretended owner, of said automobile, and that the action by Massi against the defendant railway company was thereafter compromised and settled by Massi, then the plaintiff is bound by said compromise and settlement, if any, and cannot recover in this action, and your verdict must be for the defendant." This instruction is faulty in this: The mere fact that plaintiff became aware of the pendency of the suit by Massi and agreed that Massi should prosecute the action against the railway company is not of itself sufficient to bar a right of recovery on the part of plaintiff. If the instruction had told the jury that if plaintiff had agreed that Massi should prosecute the action against the railway company for the benefit of plaintiff and himself, or if the jury had found as a fact under the court's instructions that there was a settlement arrived at between plaintiff and Massi by the giving and receipt of the order upon Nolan & Donovan which made Massi the owner of the automobile, then the instruction would have been warranted upon the facts, and it would have stated the law correctly.

As the cause must go back for a new trial, we call attention [7] to instructions 4, 6 and 13. These instructions, taken in connection with others, are predicated upon the proposition that if the defendant was negligent, yet, if Massi was guilty of contributory negligence the plaintiff could not recover. It is now pretty well settled that the negligence of a buyer under a conditional sales agreement is not chargeable to the seller. In the note to *Lloyd* v. *Northern Pac. Ry. Co.*, 107 Wash. 57, 6 A. L. R. 307, 181 Pac. 29, it is said: "But at this time the weight of authority is decidedly in favor of the rule that in bailments other than for carriage the contributory negligence of the bailee is not imputable to the bailor where the subject of the bailment is damaged by a third person." (See, also,

1 Thompson on Negligence, sec. 512; *Morgan County* v. *Payne,* 207 Ala. 674, 93 South. 628; *Norton* v. *Hines,* 211 Mo. App. 438, 245 S. W. 346; *Virginia Ry. P. Co.* v. *Gorsuch,* 120 Va. 655, Ann. Cas. 1918B, 838, 91 S. E. 632; *Spelman* v. *Delano,* 177 Mo. App. 28, 163 S. W. 300; *Gibson* v. *Bessemer & Lake Erie Ry. Co.,* 226 Pa. 198, 18 Ann. Cas. 535, 27 L. R. A. (n. s.) 690, 75 Atl. 194.)

The verdict in this case was for $1,000. Even if the jury had been correctly instructed, the verdict should not have been for a sum in excess of $666.44, with such interest as the statute allows.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

All the Justices concur.

Rehearing denied May 8, 1924.